The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: August 25 2015

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-30597 |
| | ) | |
| STOOKEY, KAREN MARIE | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |
| | ) | JUDGE JOHN P. GUSTAFSON |

### MEMORANDUM OF DECISION ON TRUSTEE'S OBJECTION TO EXEMPTIONS PURSUANT TO BANKRUPTCY RULE 4003(b)

This case comes before the court on the Chapter 7 Trustee's ("Trustee") Motion Objecting to Exemptions Pursuant to Bankruptcy Rule 4003(b). [Doc. #10]. One of the assets listed on Debtor's Schedule B was: "Debtor owed $10,000 from divorce property settlement. Remains unpaid." [Doc. #1, p. 10]. This asset, with a "current value" listed as "Unknown", was claimed as exempt under Ohio Rev. Code Ann. §2329.66(A)(11) for "0.00" on Debtor's Schedule C. [*Id.*, p. 12].

A Hearing was held on this issue, after which the court allowed the parties seven days to file any legal or factual arguments regarding the claim of exemption, and further stated that the Chapter 7 Trustee was to file a copy of the divorce decree with the court within that seven day period. [Doc. #16]. A Motion for turnover of a copy of the divorce decree to the Trustee had been previously granted [Doc. #13]. The underlying asset in issue is an obligation arising from a Judgment Entry Decree of Divorce file stamped on July 27, 2009. [Doc. #15].

A review of the Judgment Entry Decree of Divorce reflects a section ordering spousal support to be paid to Karen M. Stookey. [Doc. #15, pp. 2-3]. The Decree of Divorce also describes monthly child support payments. [*Id.*, pp. 4–9]. The obligation in issue here is set forth under the heading: "V. MARITAL ASSETS AND DEBTS." [*Id.*, p. 13]. Under that title, Section 1 provides: "1. All property wherever located which parties own individually, jointly, or in common, or in which either party has any interest or control, shall be divided as follows:".

Two of the following subsections, V(1)(E)(4) and V(1)(E)(5), state:

> 4. Husband shall pay to Wife the sum of Ten Thousand ($10,000) as for her marital interest in said property within One Hundred Eighty (180) days of the filing of the Judgment Entry Decree of Divorce. If Husband fails to pay Wife as agreed above, then the property shall immediately be listed for sale by Husband and Wife shall receive said funds through the sale proceeds of the property.
>
> 5. The monies payable from Husband to Wife, including but not limited to monies specified in sections V(1)(D)(2) and V(1)(E)(4) herein, shall not be dischargeable in bankruptcy should Husband so file.

[Doc. #15, p. 16].

## LAW AND ANALYSIS

Under §541 of the Bankruptcy Code, the commencement of a bankruptcy case creates an estate that generally includes "all legal and equitable interests of the debtor in property as of the commencement of the case". *See*, 11 U.S.C. §541(a)(1); *In re Zingale*, 693 F.3d 704, 706 (6th Cir. 2012). The Bankruptcy Code permits states to opt out of the federal exemptions listed in 11 U.S.C. §522(d). *See*, 11 U.S.C. §522(b)(2). The Ohio legislature exercised the right to opt out of the federal exemptions. *See*, Ohio Rev. Code §2329.662; *In re Schramm*, 431 B.R. 397, 400 (6th Cir. BAP 2010). As a result, debtors for whom the applicable exemption law under §522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. *Id*.

Under Bankruptcy Rule 4003©, "the objecting party has the burden of proving that the exemptions are not properly claimed." Where the objecting party is a trustee: "The Trustee bears the burden of proving that the exemption is not applicable." *In re Zingale*, 693 F.3d 704, 707 (6th Cir. 2012). The standard of proof is by a preponderance of the evidence. *In re Roselle*, 274 B.R. 486, 490 n. 4 (Bankr. S.D. Ohio 2002). "In order to effectuate the goals of providing honest debtors a fresh start and affording debtors life's basic

necessities, Ohio courts follow the rule that exemption statutes are to be construed liberally in favor of the debtors, and that any doubt in interpretation should be in favor of granting the exemption." *In re Wengerd*, 453 B.R. 243, 247 (6th Cir. BAP 2011); *Daugherty v. Central Trust. Co. of N.E. Ohio, N.A.*, 28 Ohio St.3d 441, 504 N.E.2d 1100, 1104 (1986). However, a liberal construction of the Ohio exemptions statute does not allow a court to enlarge the statute or strain its meaning. *Daugherty*, 28 Ohio St.3d at 447, 504 N.E.2d at 1105.

The Debtor's claim of exemption is made under Section 2329.66(A)(11), which provides:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows:

\* \* \* \* \* \*

(11) The person's right to receive spousal support, child support, an allowance, or other maintenance to the extent reasonably necessary for the support of the person and any of the person's dependents[.]

Section 2329.66(A)(11) provides an exemption for child or spousal support or other maintenance the underpinning for which is an obligation or commitment to provide support. *In re Delmoe*, 365 B.R. 124, 129 (Bankr. S.D. Ohio 2007). Thus, the issue presented requires the court to interpret the state court's Decree of Divorce. In doing so, the court must consider all of the provisions of the decree in an effort to harmonize and give meaning to all of its provisions. *Mayer v. Ingebo*, 1986 WL 2909 at \*1, 1986 Ohio App. LEXIS 5926 at \*3 (Ohio App. 9th Dist. 1986)(*citing*, *Seitz v. Seitz*, 92 Ohio App. 338, 342 (Ohio App. 8th Dist. 1952)(stating that "[i]f a judgment is susceptible to two possible interpretations because of the words and phrases used, an interpretation will be adopted which gives effect to the judgment in its entirety rather than an interpretation which would eliminate a part.")).

Here, the Decree of Divorce dealt with spousal support and child support in separate portions of the document. In looking at the structure of the Decree, there is no reason why the obligation of Debtor's former husband to pay her $10,000 would be placed outside of those two clearly defined sections if that obligation was intended to be either spousal support or child support.

Moreover, "spousal support" is defined under Ohio law as "any payment or payments to be made to a spouse or former spouse . . . that is both for sustenance and for support of the spouse or former spouse." Ohio Rev. Code §3105.18(A). In making spousal support awards, Ohio courts are required to review the statutory factors set forth in Ohio Revised Code §3105.18(C)(1) and indicate the basis for such an award.

3

*Stafinsky v. Stafinsky*, 116 Ohio App.3d 781, 784, 689 N.E.2d 112, 114 (Ohio App. 11th Dist. 1996); *In re Traut*, 2012 WL 909550 at *3, 2012 Bankr. LEXIS 1129 at **7-10 (Bankr. N.D. Ohio March 15, 2012). There was no review of any of the statutory factors for spousal support. Nor was the obligation labeled as a support obligation in the state court judgment entry. *Cf.*, *Sorah v. Sorah (In re Sorah)*, 163 F.3d 397, 401 (6th Cir.1998)(stating that it is appropriate to consider state court labels in determining whether an obligation is alimony, maintenance or support under pre-BAPCPA law). The award was, instead, "for her marital interest in said property". [Doc. #15, p. 16]. From a plain reading of this statement, it does not appear that the payment obligation at issue was meant to provide support. Rather, it was meant to equalize property interests.

There are two other elements to the exemption set forth in §2329.66(A)(11) in addition to child or spousal support. The exemption also extends to an "allowance" or "other maintenance." However, as one court noted, "the courts of Ohio have limited the application of the statute to those situations where the purpose of the grant was to provide support for debtor or his/her dependents." *In re Delmoe*, 365 B.R. 124, 130 (Bankr. S.D. Ohio 2007)(citing cases). Here, the purpose was, as stated in the Decree of Divorce, "for her marital interest in said property".

Accordingly, the Trustee has met her burden of demonstrating that this is a "property settlement" provision, and not a support obligation, or "an allowance, or other maintenance" under O.R.C. §2329.66(A)(11).

**THEREFORE**, based on all of the foregoing reasons and authorities, good cause appearing,

**IT IS ORDERED** that the Objection stated in the Trustee's Motion Objecting to Exemptions Pursuant to Bankruptcy Rule 4003(b) [Doc. #10] will be **Sustained**., and the exemption in the $10,000 obligation under the 2009 Judgment Entry Decree of Divorce will be **Denied**. A separate Order sustaining the Trustee's Objection will be entered.

###

4